USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _8/7/2025_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EXHIBITION EMPLOYEES LOCAL 829
I.A.T.S.E PENSION FUND; AND JUDITH P.
BROACH as INDEPENDENT FIDUCIARY
of the EXHIBITION EMPLOYEES LOCAL
829 I.A.T.S.E. PENSION FUND,

                                   Plaintiffs,

                -against-

NATIONAL CONVENTION SERVICES,
LLC,

                                   Defendant.

---

1:24-cv-07833 (MKV)

**<u>OPINION AND ORDER
GRANTING DEFAULT
JUDGMENT</u>**

MARY KAY VYSKOCIL, United States District Judge:

The Court held a default judgment hearing in this matter on July 8, 2025. As explained at that hearing and as further detailed below, Plaintiffs' motion for default judgment against Defendant National Convention Services, LLC is GRANTED.

## <u>BACKGROUND</u>

Plaintiffs Exhibition Employees Union I.A.T.S.E. Pension Fund and Judith P. Broach as Independent Fiduciary of the Exhibition Employees Local 829 I.A.T.S.E. Pension Fund, ("the Fund") bring this action against Defendant National Convention Services, LLC ("NCS"), alleging violations of the Employment Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA"). [ECF No. 1, ("Compl.")]. The Complaint alleges that NCS was subject to a collective bargaining agreement ("CBA") with Exhibition Employees Union, Local No. 829 ("the Union"). Compl. ¶ 7. The Complaint alleges that pursuant to the CBA, NCS was required to make hourly contributions to the Fund for each hour worked by covered employees. Compl. ¶ 10. The Complaint further alleges that NCS failed to make $17,528.50 in required contributions to the Fund between April 2019 and March 2020. Compl. ¶ 15.

Plaintiffs initiated this action by filing a Complaint.  [ECF No. 1].  On January 2, 2025, Plaintiffs filed proof of service indicating that Defendant was served on December 16, 2024.  [ECF No. 9].  On January 17, 2025, the Clerk of Court entered a certificate of default against Defendant [ECF No. 13], and on February 14, 2025, Plaintiffs filed a motion for default judgment along with a supporting declaration and affidavits.  [ECF Nos. 17, 18, 19, 20].  After reviewing these submissions, in May 2025, the Court issued an Order To Show Cause, that directed the parties to appear for a hearing on Plaintiffs' motion for a default judgment and further directed Plaintiffs to serve all papers in support of their motion on Defendant.  [ECF No. 21].  Plaintiffs filed proof of service indicating that, on June 2, 2025, Defendant was served by mail and through the Secretary of State of New York.  [ECF Nos. 22, 23, 24].  On July 8, 2025, the Court held a hearing on the motion for default judgment.  Counsel for Plaintiffs attended the hearing.  [ECF No. 30, ("Def. Hearing Tr.")].  Defendant did not file a response to the motion for default judgment or appear at the hearing.

## LEGAL STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); *see also* Fed. R. Civ. P. 55.  The entry of a default judgment is in the sound discretion of the trial court.  *See Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013); *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. N.Y. Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)) ("[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court.").  If the Court establishes that a defendant is in default, it must then assess "whether the plaintiff has pleaded facts supported by evidence sufficient to establish the defendant's liability

with respect to each cause of action asserted." *Santana v. Latino Express Restaurants, Inc.*, 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," so the Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

## DISCUSSION

### I.    Subject Matter Jurisdiction

"Before granting a motion for default judgment, a court must first determine whether it has subject matter jurisdiction over the action." *Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20-CV-00150, 2021 WL 4427016, at *3 (S.D.N.Y. Sept. 27, 2021). Plaintiffs allege violations of federal statutes, namely, the ERISA and the LMRA. *See* Compl. ¶ 1. Thus, the court has federal question jurisdiction over all claims in this action. *See* 28 U.S.C. § 1331.

### II.    Entry of Default Judgment Is Appropriate.

"When determining whether to grant a motion for default judgment, courts in this district consider three factors: (1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Santana*, 198 F. Supp. 3d at 291. As Defendant was served in December 2024 and has filed no responsive pleading to date, the Court finds that Defendant's default was willful. *See Gustavia Home, LLC v. Vielman*, No. 16-CV-2370, 2017 WL 4083551, at *5 (E.D.N.Y. Aug. 25, 2017), *report and recommendation adopted,* No. 16-CV-2370, 2017 WL 4083156 (E.D.N.Y. Sept. 14, 2017) (holding that a defendant's "failure to respond to the Complaint demonstrates willfulness). Since Defendant did not file an answer or otherwise respond, Defendant failed to present any defense, and the Court is

entitled to assume that there is none. *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008) (finding that when a defendant does not present a defense the Court need not consider this factor). The Court further finds that denying this motion would be prejudicial to Plaintiffs because "there are no additional steps available to secure relief in this Court." *Alston as Tr. of Loc. 272 Lab.-Mgmt. Fund v. Select Garages, LLC*, No. 24-CV-5439, 2025 WL 472581, at *4 (S.D.N.Y. Jan. 21, 2025), *report and recommendation adopted sub nom. Alston as Tr. of Loc. 272 Lab.-Mgmt. Pension Fund v. Select Garages, LLC*, No. 24-CV-5439, 2025 WL 580275 (S.D.N.Y. Feb. 21, 2025); *see also Falls Lake Nat'l Ins. Co. v. BNH Constr. (NY) Inc.*, No. 24-CV-4244, 2025 WL 925826, at *15 (E.D.N.Y. Mar. 27, 2025). As a result, all three factors weigh in favor of a finding that entry of default judgment is appropriate.

## III. Personal Jurisdiction

"In this Circuit, a court may -- but is not required to -- undertake a personal jurisdiction analysis before granting default judgment." *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 544 F. Supp. 3d 474, 479 (S.D.N.Y. 2021) (citing *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010)). To conduct such an analysis, the Court must "determine whether the defendant is subject to jurisdiction under the law of the forum state" and "consider whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution." *Reilly v. Com.*, No. 15-CV-05118, 2016 WL 6837895, at *2 (S.D.N.Y. Oct. 31, 2016). "The Due Process Clause is satisfied if the court has general or specific personal jurisdiction over the defendant." *Garzon v. Building Services Inc*, No. 24-CV-5429, 2025 WL 1871171, at *5 (S.D.N.Y. July 2, 2025).

Defendant is "a domestic limited liability company organized under the laws of the State of New York" with its principal place of business in New York. *See* Compl. ¶ 6. Defendant was properly served by Plaintiffs. *See* ECF No. 9; Def. Hearing Tr. 4:17-19. Therefore, this Court has

4

personal jurisdiction over Defendant.  *See* N.Y. C.P.L.R § 301; *Reilly*, 2016 WL 6837895, at *3 (holding that a company with its principal place of business in New York is "amenable to personal jurisdiction throughout the state").

## IV.    Liability

The Court finds that Plaintiffs have adequately pled the elements of their ERISA claim. Def. Hearing Tr. 6:22-25.  Section 515 of ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms . . . of a collectively bargained agreement shall . . . make such contributions."  29 U.S.C. § 1145.  To establish a violation of Section 515, Plaintiffs must show that Defendant "(1) is an employer; (2) is bound by a [collective bargaining agreement] that required payment of contributions; and (3) failed to make those contributions."  *Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, & Annuity Funds v. Rici Corp.*, No. 23-CV-5856, 2024 WL 4314958, at *4 (E.D.N.Y. Aug. 19, 2024).

First, "[a]n 'employer' is 'any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan.' "  *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Baymen Indus. Ltd.*, No. 22-CV-703, 2024 WL 4274949, at *7 n.16 (E.D.N.Y. Sept. 24, 2024) (quoting 29 U.S.C. § 1002(5)).  The Court finds that Plaintiffs have sufficiently alleged that Defendant is an employer within the meaning of ERISA.  Def. Hearing Tr. 7:1-2; Compl. ¶¶ 6-8.

Second, pursuant to ERISA every employer who is required to make contributions to a multi-employer plan under the terms of the plan or collective bargaining agreement must make such contributions in accordance with the terms and conditions of the plan or agreement.  *See* 29 U.S.C. § 1145.  "[R]eference [in ERISA] to a 'plan' means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an

employee pension benefit plan." *Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of Intl. Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Rizzo Env't Servs. Corp.*, No. 22-CV-556, 2022 WL 1460585, at *3 (E.D.N.Y. May 9, 2022) (quoting 29 U.S.C. § 1002(3)).  As the Complaint alleges, Defendant was required to make contributions to the Welfare Fund and Pension Fund.  Compl. ¶¶ 11-15.  Moreover, Plaintiffs have submitted a copy of the CBA, and the trust agreements for the Pension Fund and Welfare Fund, all of which require contributions by the employer to the Funds.  *See* ECF No. 17-1 at 26-30; ECF No. 17-3 at 12; ECF No. 17-4 at 16.  The Court finds that Plaintiffs have sufficiently alleged that the CBA obligated Defendant to make benefit contributions to the Funds.  Def. Hearing Tr. 7:2-5; Compl. ¶¶ 7-11.

Third, the Court finds that Plaintiffs have sufficiently alleged that Defendant failed to make contributions to the Pension Fund and Welfare Fund between April 2019 and March 2020.  Def. Hearing Tr. 7:7-9; Compl. ¶¶ 15, 19, 21.  Plaintiffs have thus stated a claim under Section 515.  *See, e.g., Alston as Tr. of Loc. 272 Lab. Mgmt. Pension Fund v. Nagle Parking Inc.*, No. 23-CV-1739, 2023 WL 4157186, at *2 (concluding that "allegations that an employer failed to remit contributions to an ERISA plan in accordance with the terms of the [collective bargaining agreement] . . . are sufficient to plead liability under ERISA"); *Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of Intl. Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Trac Constr. Grp., Inc.*, No. 22-CV-1935, 2022 WL 7810540, at *3 (E.D.N.Y. Oct. 4, 2022) ("At the pleading stage, allegations in a complaint that an employer failed to remit contributions to an ERISA plan are sufficient to establish the employer's liability under ERISA."); *Rizzo Env't Servs. Corp.*, 2022 WL 1460585, at *3 (finding "allegations in a complaint that an employer failed to remit contributions to an ERISA plan are sufficient to establish the employer's liability under ERISA").

Plaintiffs do not seek damages for their claim under the LMRA, but the Court nonetheless finds that Plaintiffs also have adequately pled the elements of their LMRA claim to establish liability.  Def. Hearing Tr. 7:10-11.  Section 301 of the LMRA provides a cause of action against an employer in an industry affecting commerce for the "violation of contracts between [the] employer and a labor organization."  29 U.S.C. § 185(a).  "Under Section 301 of the LMRA, an employer may be held liable for failing to pay assessments or failing to remit dues withheld from employee paychecks to the union as required by a collective bargaining agreement."  *Sullivan v. Marble Unique Corp.*, No. 10-CV-3582, 2011 WL 5401987, at *3 (E.D.N.Y. Aug. 30, 2011).  Plaintiffs sufficiently alleged that Defendant breached the CBA by failing to make required contributions.  Compl. ¶¶ 14-15, 25-27.

## V.    Damages

Even where default judgment is entered, the Court has an "obligation to ensure that the damages [are] appropriate."  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).  Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the court may conduct a hearing to assess damages, but such a hearing is "not necessary" when the Court has familiarity with the matter and "relie[s] upon detailed affidavits and documentary evidence."  *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51. 54 (2d Cir. 1993).  Under Section 515 of ERISA, a plaintiff who has established liability "is entitled to an award of: 1) the amount of unpaid contributions; 2) interest on the unpaid contributions; 3) liquidated damages; 4) reasonable attorney's fees and costs, and 5) such other legal and equitable relief as the court deems appropriate."  *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs, Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Ne. Indus. Maint., Inc*., No. 19-CV-4484, 2020 WL 6437400, at *7 (E.D.N.Y. Sept. 28, 2020) (internal quotations omitted).

7

Plaintiffs request $17,528.50 in damages for unpaid contributions, $5,538.89 in interest through February 2025 on these unpaid contributions, $5,538.89 in liquidated damages, and $4,893.50 in attorneys' fees and costs.  In support of this request, Plaintiffs have submitted sworn declarations and documentary evidence.  *See* ECF No. 18; ECF No. 18-3; ECF No. 18-4; ECF No. 18-5; ECF No. 18-6; ECF No. 18-7; ECF No. 18-8.   Based on the Court's independent review of these documents, the Court finds that they "provide a sufficient basis from which to evaluate the fairness of the requested damages."  *Jesus v. Gotham Cleaners Inc.*, No. 23-CV-4783, 2024 WL 4264906, at *4 (S.D.N.Y. Aug. 1, 2024), *report and recommendation adopted sub nom. De Jesus v. Gotham Cleaners, Inc.*, No. 23-CV-4783, 2024 WL 4891890 (S.D.N.Y. Nov. 26, 2024) (internal quotations omitted).   Therefore, a total award in the amount of $33,499.78, representing $17,528.50 in unpaid contributions to the Fund for the period January 1, 2018 through December 31, 2020, $5,538.89 in interest through February 10, 2025, $5,538.89 in liquidated damages, and $4,893.50 in reasonable attorneys' fees and costs incurred in this action, is appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment is GRANTED. Judgment is hereby entered in favor of Plaintiffs against Defendant in the amount of $33,499.78, representing $17,528.50 in unpaid contributions to the Fund for the period January 1, 2018 through December 31, 2020, $5,538.89 in interest through February 10, 2025, $5,538.89 in liquidated damages, and $4,893.50 in reasonable attorneys' fees and costs incurred in this action.

The Clerk of Court respectfully is requested to terminate the motion at docket entry 17, enter judgment, and close this case.

**SO ORDERED.**

Date:  **August 7, 2025**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**